Jeremy A. Burns, Esq. (Bar No. 239917)
jburns@carr-mcclellan.com
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone: (650) 342-9600
Facsimile: (650) 342-7685

Louis W. Diess, III
ldiess@mccarronlaw.com
McCarron & Diess
4530 Wisconsin Avenue, N.W., Suite 301
Washington, D.C. 20016
Telephone: (202) 364-0400

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEQUOIA SALES, INC.

          Plaintiff

  v.

P.Y. PRODUCE, L.L.C, et al

          Defendants

Civil Action No: CV 10 5757

**TEMPORARY RESTRAINING ORDER**

This matter is before the Court upon plaintiff's Application for Temporary Restraining Order Without Notice pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be required.

[~~Proposed~~] Temporary Restraining Order

- 1 -

In this case, it appears from the declaration of plaintiff's representative that plaintiff is produce creditor of defendants under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the amount of $141,661.79 supplied to defendants, as required by the PACA. It also clear that defendants are having financial difficulties and have tendered a check to plaintiff in partial payment for the produce supplied by plaintiff, which was returned by the bank due to insufficient funds. As a result, it appears that the PACA trust assets are threatened with dissipation. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990); *Taminura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3rd Cir. 2000).

If notice is given to defendants of the pendency of this motion, trust assets may be further dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); *Taminura & Antle, Inc. v. Packed Fresh Produce, Inc., supra*. Entry of this Order without notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5).

In accord with Rule 65(b)(2), the applicants' attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Northern District of California,

[Proposed] Temporary Restraining Order

**ORDERED, ADJUDGED AND DECREED** that defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of P.Y. Produce, L.L.C, or its subsidiaries or related companies, except for payment to plaintiff until further order of this Court or until defendants pay plaintiff the sum of $141,661.79 by cashiers' check or certified check, at which times this Order is dissolved; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event defendants fail to pay plaintiff $141,661.79 by cashiers or certified check within two (2) business days of service of this Order, then the defendants shall file with this Court with a copy to plaintiff's counsel an accounting which identifies all of their assets, liabilities and each account receivable of P.Y. Produce, L.L.C signed under penalty of perjury; and that defendants shall also supply to plaintiff's attorney, within five (5) days of the date of this Order, any and all documents in connection with the assets and liabilities of P.Y. Produce, L.L.C and their related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

Bond shall be waived in view of the fact that defendants now hold $141,661.79 worth of plaintiff's assets.

This Temporary Restraining Order is entered this 17th day of Dec, 2010, at 2 p.m. A hearing on plaintiff's application for preliminary injunction is set for the 23rd day of Dec, 2010, at 2 p.m. Any opposition on the motion for preliminary injunction shall be filed and served by overnight mail on or before

[Proposed] Temporary Restraining Order

- 3 -

1    Dec 21, 2010. Any reply shall be filed and served by overnight mail on or before
2    Dec 22, 2010. Plaintiff shall forthwith serve defendants with a copy of this Order.

4    Dated: DEC 17 2010

                         _____
                         United States District Judge

[~~Proposed~~] Temporary Restraining Order

- 4 -