Jeremy A. Burns, Esq. (Bar No. 239917)
jburns@carr-mcclellan.com
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone: (650) 342-9600
Facsimile: (650) 342-7685

Louis W. Diess, III
ldiess@mccarronlaw.com
McCarron & Diess
4530 Wisconsin Avenue, N.W., Suite 301
Washington, D.C.  20016
Telephone: (202) 364-0400

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SEQUOIA SALES, INC. | : | |
| Plaintiff | : | |
| v. | : | Civil Action No: 4:10-cv-05757-CW |
| P.Y. PRODUCE, L.L.C., et al | : | **ORDER GRANTING PRELIMINARY INJUNCTION** |
| Defendants | : | |

THIS MATTER is before the Court upon the Application of Sequoia Sales, Inc., seeking an Order enjoining and restraining the defendants and their employees, agents, servants, successors, assigns and attorneys from taking any action to assign, transfer, convey, spend or dissipate PACA trust funds in the sum of $141,661.79, and directing and requiring the defendants to account for and segregate the sum of $141,661.79 for the benefit of plaintiff in a separate interest bearing trust account to be held by plaintiff's counsel pending further Order of

Order Granting Preliminary Injunction
- 1 -

1  the Court.  It appearing that the defendants were properly served with the Temporary

2  Restraining Order, and that plaintiff will be irreparably and immediately harmed if the relief

3  requested is not granted, and for good cause shown;

4      **IT IS HEREBY ORDERED** that Plaintiff's Application for Preliminary Injunction is

5  granted; and it is further

6      **ORDERED** that Defendants, their customers, agents, officers, subsidiaries, assigns, and

7  banking institutions be, and hereby are, RESTRAINED AND ENJOINED, pursuant to Fed. R.

8  Civ. P. 65(a), from alienating, dissipating, paying over or assigning any assets of Defendant

9  P.Y. Produce, L.L.C., its subsidiaries or related companies; and it is further

10     **ORDERED** that within five (5) business days after service of this Order Granting

11 Preliminary Injunction, Defendants shall produce to Plaintiff's counsel the following

12 documents regarding the assets of Defendant P.Y. Produce, L.L.C., its subsidiaries or related

13 companies: most recent balance sheets and profit/loss statements of Defendant P.Y. Produce,

14 L.L.C.; name, addresses and amounts of all accounts receivable of Defendant P.Y. Produce,

15 L.L.C. for collection purposes, and all records, including without limitation checking account

16 registers, regarding the disposition of any funds received from the sale of produce by

17 Defendant P.Y. Produce, L.L.C. during the past eight (8) months immediately preceding the

18 date of this Order Granting Preliminary Injunction; and it is further

19     **ORDERED** that within two (2) business days after service of this Order Granting

20 Preliminary Injunction, Defendants and their banking institutions shall freeze all funds realized

21 from the sale of produce or products derived from produce by Defendant P.Y. Produce, L.L.C.,

22 to be held in trust pending further Order; and it is further

23     **ORDERED** that within two (2) days after service of this Order Granting Preliminary

24 Injunction, any third party possessing funds realized from the sale of produce or products

Order Granting Preliminary Injunction

derived from produce in the name of, or belonging to, Defendant P.Y. Produce, L.L.C. shall turn over such funds to Plaintiff's counsel, to be held in trust pending further Order; and it is further

**ORDERED** that Plaintiff's counsel is authorized and directed to collect any and all outstanding accounts receivables realized from the sale of produce or products derived from produce of Defendant P.Y. Produce, L.L.C., to be held in trust pending further Order; and it is further

**ORDERED** that Defendants shall cooperate, upon reasonable request by Plaintiff's counsel, in any and all such collection efforts; and it is further

**ORDERED** that no security or bond shall be required under Fed. R. Civ. P. 65(c); and it is further

**ORDERED** that Plaintiff shall serve one copy each of this Order Granting Preliminary Injunction upon Defendants by hand delivery or overnight delivery service delivered to Defendants at the addresses contained in Plaintiff's Complaint on or before December 31, 2010.

Dated this 29th day of December, 2010.

_____
United States District Court Judge

Order Granting Preliminary Injunction

- 3 -