IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEQUOIA SALES, INC.,

    Plaintiff,

  v.

P.Y. PRODUCE, LLC, et al.,

    Defendants.

_____/

No. C 10-5757 CW

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SHORTEN TIME ON ITS MOTION TO AMEND THE PRELIMINARY INJUNCTION (Docket No. 35)

On December 17, 2010, Plaintiff Sequoia Sales, Inc., filed this lawsuit to recover $141,661.79 from Defendants P.Y. Produce, LLC, and Jose Gomez.  Plaintiff alleges that this amount is for produce it sold and delivered to Defendants and is subject to the statutory trust provisions of the Perishable Agricultural Commodities Act (PACA).  That day, Plaintiff sought and obtained a temporary restraining order (TRO) from the Court, requiring Defendants to pay $141,661.79 to Plaintiff and to supply to Plaintiff's counsel any all documents related to the assets and liabilities of P.Y. Produce.  A hearing on Plaintiff's request for a preliminary injunction was set for December 23, 2010.  Defendants did not appear at the hearing or otherwise oppose Plaintiff's request for a preliminary injunction.  Thus, finding the requirements of Federal Rule of Civil Procedure 65(a) satisfied, the Court issued a preliminary injunction on December 29, 2010.

On January 19, 2011, Plaintiff sought an order to show cause why an order of civil contempt should not be issued against

Defendants.[1] Plaintiffs claimed that Defendants had not complied with the Court's preliminary injunction. The Court has issued such an order, requiring Defendants to appear on February 3, 2011 at 2:00 p.m.

On January 21, 2011, Plaintiff filed an amended complaint, naming Chopper's Produce, LLC, as a Defendant. Plaintiff alleges that P.Y. Produce transferred to Chopper's Produce the PACA trust assets to which Plaintiff is entitled. The same day, Plaintiff moved to amend the Court's preliminary injunction so that Chopper's Produce is subject to it. In support of its motion to amend, Plaintiff filed declarations by individuals who purchased produce from "Jose ('Chuy') Gomez" at a business located at the address for P.Y. Produce; these individuals received invoices bearing the name "Chopper's Produce, LLC." Soldatos Decl. ¶¶ 3-6; Vargas Decl. ¶¶ 3-6. Plaintiff now moves <u>ex parte</u> to shorten time on its motion to amend, asking the Court to hear the motion as soon as possible.

Although styled as a motion to amend, Plaintiff's request essentially asks the Court to issue a preliminary injunction against Chopper's Produce. Such relief may be granted "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Plaintiff offers no proof that it has served Chopper's Produce with a summons, its amended complaint and its motion to amend. Although Plaintiff suggests that Chopper's Produce is a "sham business entity" that succeeded P.Y. Produce, Mot. to Shorten Time 2, there

---

[1] The Court denied without prejudice Plaintiff's original request for an order to show cause based on Plaintiff's failure to provide adequate supporting documentation.

2

is insufficient evidence to support this legal conclusion.

Absent notice, Plaintiff could have sought a TRO against Chopper's Produce.  However, Plaintiff has not satisfied the requirements of Rule 65(b)(1), which provides that a TRO will issue only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required

Fed. R. Civ. P. 65(b)(1).  Although Plaintiff provided such documents to support its request for a TRO against P.Y. Produce and Gomez, it has not done so to support a TRO against Chopper's Produce.

Accordingly, the Court DENIES without prejudice Plaintiff's motion to shorten time on its motion to amend the preliminary injunction.  (Docket No. 35.)  Plaintiff may renew its motion after tendering proof that it has served Chopper's Produce with a summons, its amended complaint and its motion to amend the preliminary injunction.  Alternatively, Plaintiff may seek a TRO against Chopper's Produce, so long as it satisfies the requirements set forth under Federal Rule of Civil Procedure 65(b)(1).

IT IS SO ORDERED.

Dated: 1/24/2011

CLAUDIA WILKEN
United States District Judge

3