IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOIA SALES, INC., | No. C 10-5757 CW |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND PRELIMINARY INJUNCTION ENTERED DECEMBER 29, 2010 (Docket No. 32) |
| v. | |
| P.Y. PRODUCE, LLC, et al., | |
| Defendants. | |

    Plaintiff Sequoia Sales, Inc., moves to amend the preliminary injunction, entered December 29, 2010, to include Defendant Chopper's Produce, LLC.  Chopper's Produce has accepted service of the motion and, therefore, has notice of it.  (Docket No. 49.) Chopper's Produce did not respond to the motion.

    To obtain a preliminary injunction, the moving party must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008).

    Plaintiff has satisfied its burden.  Plaintiff offers evidence that Sara Alvarez, who operates Chopper's Produce,[1] cashed a February 18, 2011 check made out to P.Y. Produce.  (Docket No. 51.) That Alvarez may endorse checks made out to P.Y. Produce suggests that she has some authority over P.Y. Produce's assets or is an

---

[1] Counsel for Chopper's Produce represented at the February 3, 2011 hearing that Sara Alvarez operates Chopper's Produce and is Defendant Jose Gomez's daughter.

agent of P.Y. Produce, or both. Further, Alvarez's conduct suggests that Chopper's Produce may have proceeds related to the Perishable Agricultural Commodities Act trust from which Plaintiff seeks to collect. Because these trust assets may be dissipated, Plaintiff has sufficiently demonstrated a likelihood of irreparable harm. The balance of equities tips in Plaintiff's favor and a preliminary injunction is in the public interest.

Accordingly, Plaintiff's motion to amend the preliminary injunction is GRANTED. (Docket No. 32.) At the March 10, 2011 hearing, Plaintiff indicated that it would file a more narrowly tailored proposed preliminary injunction that accounted for the Court's concerns about the scope of the current preliminary injunction as it would apply to Chopper's Produce. Plaintiff has not done so. Within three days of the date of this Order, Plaintiff shall file a proposed preliminary injunction via ECF and send the proposed preliminary injunction, in Microsoft Word or WordPerfect format, to cwpo@cand.uscourts.gov.

In its case management statement, Plaintiff indicates that it intends to seek entry of default and move for default judgment against P.Y. Produce and Chopper's Produce. Accordingly, the Court continues the case management conference, scheduled for April 5, 2011, to July 12, 2011 at 2:00 p.m.

Within four days of the date of this Order, Plaintiff shall ask the Clerk to enter default against P.Y. Produce and Chopper's Produce. Within thirty days of the date of the Clerk's entry of default, Plaintiff shall file a motion for default judgment, and upon its filing of a motion for default judgment, said motion will

be referred to a Magistrate Judge, pursuant to Civil L.R. 72-1, to be heard and considered at the convenience of his/her calendar. The Magistrate Judge shall prepare findings and a report and recommendation on the motion.

    IT IS SO ORDERED.

Dated: April 5, 2011

CLAUDIA WILKEN
United States District Judge